917 F.2d 1305
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marc GRIFFITH, Defendant-Appellant.
 No. 90-5113.
 United States Court of Appeals, Sixth Circuit.
 Nov. 6, 1990.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges; and SPIEGEL, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant-appellant, Marc Griffith (Griffith), appealed his one-count jury conviction of reckless aggravated assault under Tenn.Code Ann. Sec. 39-2-101, as charged under the Federal Assimilative Crimes Act (ACA), 18 U.S.C. Sec. 13. Subsequent to trial, the district court sentenced Griffith to five years' probation.
 
 
 2
 In the late afternoon of December 29, 1985, Griffith set out with a companion to hunt deer with a rifle near Fort Campbell, Tennessee. At some point, Griffith, who was on foot, crossed the boundary line separating the Fort from contiguous private property and trespassed onto the federal reservation. Fort Campbell had licensed bow hunters to hunt the area onto which Griffith trespassed. Bow hunters, who had exclusive use of this part of the installation, were not required to wear high visibility orange clothing while hunting.
 
 
 3
 Sighting what he believed was a deer, Griffith shot Gary Sivley, a bow hunter who was clad in camouflaged clothing. As a result of the wound, Sivley's right eye was removed and he sustained other, less serious injuries.
 
 
 4
 Because the incident occurred on federal property, Griffith was subject to federal prosecution. Under the ACA, which incorporates state criminal statutes to fill gaps in the federal criminal code for conduct committed on federal lands, Griffith was indicted on one count of reckless, aggravated assault, formerly[1] defined in Tenn.Code Ann. Sec. 39-2-101 as the infliction of "serious bodily injury to another ... recklessly under circumstances manifesting extreme indifference to the value of human life." Griffith successfully moved to dismiss the indictment, arguing that his alleged conduct was proscribed under the federal assault statute, and, consequently, his indictment under the ACA was improper. This court reversed, concluding that the Tennessee statute targeted conduct different in character from that encompassed by its federal analogue. United States v. Griffith, 864 F.2d 421 (6th Cir.1988).
 
 
 5
 The instant case proceeded to trial and resulted in a jury verdict of guilt. In this appeal, Griffith challenged the sufficiency of the evidence and alleged prosecutorial misconduct. Upon review of the record, the briefs and arguments of the parties, and the applicable case law, the court finds that Griffith's assignments of error are without merit. Griffith also renewed his challenge to his indictment under the ACA. This question was finally resolved by the panel that disposed of Griffith's first appeal, and, accordingly, is the law of the case. Therefore, the court is barred from revisiting the issue of whether Griffith's conduct was chargeable under Tenn.Code Ann. Sec. 39-2-101, as incorporated by the ACA.
 
 
 6
 Accordingly, the judgment of the district court is hereby affirmed.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 Subsequently revised and recodified at Tenn.Code Ann. Sec. 39-13-102